IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ARTHUR STEVEN RICH,            )
                               )
            Petitioner,        )
vs.                            )   Case No.  4:11-cv-866-JFG-TMP
                               )
LEWIS BOYD, Warden, *et al.*,  )
                               )
            Respondents.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received on August 7, 2007, for criminal mischief in the first degree.  The petitioner, Arthur Steven Rich, filed his *pro se* petition for writ of *habeas corpus* on March 1, 2011.[1]  He is incarcerated at the Elmore Correctional Facility in Elmore, Alabama.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

## PROCEDURAL HISTORY

On August 7, 2007, petitioner was convicted after entering a guilty plea to a charge of first degree criminal mischief in the Circuit Court of Cherokee County, Alabama.  He was sentenced as

---

1       Although the petition was received by the court on March 3, 2011, it was signed and dated on March 1, 2011.  Under the "prison mailbox rule," the motion is deemed filed on the day it was signed and delivered to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

a habitual felony offender to life imprisonment. He did not appeal, and the time for doing so expired on September 18, 2007. He filed a state-court petition for writ of *habeas corpus* on January 27, 2009, which was dismissed for failure to pay the filing fee or to request *in forma pauperis* status. He later filed the application to proceed *in forma pauperis* on July 29, 2009, and the trial court restored the petition to the docket, ultimately dismissing the petition on September 17, 2009. There is no indication that he appealed from the dismissal.

On October 28, 2009, petitioner filed a petition for post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32. The petition was denied on December 30, 2009, as time-barred. He sought review in the Alabama Court of Criminal Appeals, which affirmed the denial by memorandum opinion dated April 16, 2010. Petitioner sought rehearing, which was denied. He then sought review in the Alabama Supreme Court, which denied his petition for writ of *certiorari* on November 12, 2010.

Petitioner filed the instant petition on March 1, 2011. Pursuant to this court's order to show cause, the respondents filed an answer, supported by exhibits, on April 7, 2011, asserting that the petition is time-barred. By order dated April 11, 2011, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing Section 2254 Cases. Petitioner filed a response on May 3, 2011.

## **TIMELINESS**

The respondents assert that the instant petition is untimely pursuant to 18 U.S.C. § 2244(d). The provision, enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

The respondents assert that the judgment became final under subsection (d)(1)(A) when the petitioner failed to seek a direct appeal. His time for seeking to appeal expired on September 18, 2007, 42 days after he was convicted. Consequently, a timely § 2254 petition could have been filed

no later than September 18, 2008. The instant petition was filed more than two and a half years after the deadline for doing so.

The limitation period, however, is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. In the instant case, both the state petition for writ of *habeas corpus*, filed in January 2009, and the Rule 32 petition, filed in October 2009, came after the one-year deadline for seeking § 2254 relief had expired. Because both post-conviction petitions were filed after the one-year time period set by AEDPA, there was no time period left to toll. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). Consequently, the petition is time-barred under a straight application of § 2244(d).

An exception to the time limitation of § 2244(d) may be found in the doctrine of equitable tolling. See Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). The Eleventh Circuit Court of Appeals has recognized that the limitations period under § 2244(d)(1) may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999); see also San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) cert. denied, 132 S. Ct. 158, 181 L. Ed. 2d 73 (U.S. 2011). The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it is to be "applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(citing Irwin v. Department of Veteran Affairs, 498 U.S.

4

89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)).  Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner.  See Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.

It is clear that equitable tolling is available only where "extraordinary circumstances" have prevented the timely filing and the movant has been "otherwise diligent."  Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312-13 (11th Cir. 2001); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) cert. denied, 132 S. Ct. 158, 181 L. Ed. 2d 73 (U.S. 2011).  To establish diligence a petitioner must "present evidence showing reasonable efforts to timely file his action."  Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004), aff'd, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005).  Petitioner has not presented any evidence or argument that he is entitled to an equitable tolling of the statute of limitation.

## RECOMMENDATION

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual

findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the petitioner by mailing it to him at his most recent address.

DATED this 6th  day of  August, 2012.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE